JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MARQUEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>LOWE'S HOME CENTER, LLC, et al.,<br><br>      Defendants. | Case No. 2:23-cv-07846-FLA (SKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On April 4, 2023, Plaintiff Pauline Marquez ("Plaintiff") initiated this action against Defendant Lowe's Home Center, LLC ("Defendant") and DOES 1 through 50 in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The Complaint asserts state-law claims for general negligence and premises liability, alleging Plaintiff sustained personal injuries while at Defendant's retail store. *Id.*

On September 20, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* Defendant relies on Plaintiff's Statement of Damages served on August 22, 2023, seeking $43,937.00 in medical bills to date,

1  $40,000 in future medical expenses, and $200,000 in non-economic pain and suffering
2  damages.  *Id.* at 6.[1]  On September 21, 2023, the court ordered the parties to show
3  cause why the action should not be remanded for lack of subject matter jurisdiction
4  due to an insufficient amount in controversy.  Dkt. 12.  Only Defendant filed a
5  response.  Dkt. 13 ("Def. Resp.").

6        Having reviewed the Notice of Removal and Defendant's response to this
7  court's Order to Show Cause, and for the following reasons, the court finds Defendant
8  fails to establish subject matter jurisdiction and accordingly REMANDS this action to
9  the Los Angeles County Superior Court.

## DISCUSSION

11        Federal courts are courts of "limited jurisdiction," possessing "only that power
12  authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of*
13  *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are
14  presumed to lack jurisdiction unless the contrary appears affirmatively from the
15  record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).
16  Additionally, federal courts have an obligation to examine jurisdiction sua sponte
17  before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526
18  U.S. 574, 583 (1999).

19        Federal courts have jurisdiction where an action arises under federal law or
20  where each plaintiff's citizenship is diverse from each defendant's citizenship and the
21  amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.
22  §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court
23  must include "a plausible allegation that the amount in controversy exceeds the
24  jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574
25  U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

2

|   |   |
|---|---|
| 1 | defendant's allegation" concerning the amount in controversy, "both sides [shall] |
| 2 | submit proof," and the court may then decide whether the defendant has proven the |
| 3 | amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal |
| 4 | jurisdiction must be rejected if there is any doubt as to the right of removal in the first |
| 5 | instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's |
| 6 | burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567. |
| 7 |       Here, the amount of damages Plaintiff seeks cannot be determined from the |
| 8 | Complaint, as it does not set forth a specific amount. *See generally* Compl. |
| 9 | Defendant, however, contends "it was reasonable and necessary for Defendant to |
| 10 | remove based on Plaintiff's statement of damages." Def. Resp. at 2.  A statement of |
| 11 | damages "is relevant evidence of the amount in controversy if it appears to reflect a |
| 12 | reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, |
| 13 | 840 (9th Cir. 2002).  "A plaintiff's damage estimate will not establish the amount in |
| 14 | controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v.* |
| 15 | *Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 |
| 16 | (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).[2] |
| 17 |       It is clear the $283,937 in damages set forth in the Statement of Damages is |
| 18 | simply a "bold optimistic prediction" and is not a reasonable estimate of Plaintiff's |
| 19 | claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to |
| 20 | [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 |
| 21 | because he cries a lot and wakes up several times a night is difficult to credit. |

---

[2] Defendant also acknowledges that "recent decisions in this District have challenged the sufficiency of a statement of damages, without more, to establish that the amount in controversy actually exceeds $75,000." Def. Resp. at 5; *see also id.* at 6 (noting Defendant has "reviewed this Court's own recent rulings concluding that a statement of damages, without more, is insufficient to allow it to determine that the amount in controversy exceeds $75,000"). Defendant further states that "it lacks evidence that would tend to show that Plaintiff's claims in her statement of damages are reasonable estimates of her potential recovery in this matter[.]" *Id.* at 6.

[Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, the Statement of Damages cites no facts whatsoever to explain how Plaintiff determined the $283,937 amount. *See* Dkt. 1, Ex. N; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where plaintiff's statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Accordingly, because Plaintiff's Statement of Damages is insufficient on its face to show that the amount in controversy exceeds $75,000, and neither party has provided additional evidentiary support to establish the amount in controversy meets the jurisdictional threshold, there is no basis for diversity jurisdiction. *See Gaus*, 980 F.2d at 566 (finding any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court).

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23PSCV00986. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: March 27, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge